433 So.2d 1276 (1983)
NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant,
v.
James Vernon FONDREN, George Waldenmaier & Sons, Inc., and Amy L. Benoit, Appellees.
No. 82-2006.
District Court of Appeal of Florida, Fourth District.
June 29, 1983.
Robert J. Hunt and Robert C. Zundel, Jr., of Bond, Schoeneck & King, Boca Raton, for appellant.
Don Lacy, Fort Lauderdale, for appellee-Fondren.
ANSTEAD, Judge.
This is an appeal from a non-final order denying National Grange Mutual's motion to dismiss for lack of jurisdiction over the person. National Grange sought to dismiss the action alleging that it was a New *1277 Hampshire corporation that is not licensed to and conducts no business in Florida and that the subject insurance policy was issued in New York.
On June 6, 1979 James Fondren was allegedly injured in an automobile accident when his car was struck by a car owned by George Waldenmaier. Waldenmaier's car was insured by National Grange Mutual Insurance Company. The policy insures against the risk of bodily injury and property damages. The policy territory includes the entire United States and Canada. No language restricts coverage to New York State where the policy was issued. Fondren filed suit against National Grange and others. National Grange had previously denied coverage for the accident and did not furnish representation for the other defendants in the negligence action.
Section 48.193(1), Florida Statutes (1981) states,
Any person ... who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
... .
(d) Contracts to insure any person, property or risk located within this state at the time of contracting.
National Grange contends that since, at the time of contracting, the persons, properties, and risks insured were in New York State, not Florida, the long arm statute, section 48.193(1)(d), does not apply. Fondren contends that the statute applies because the insurance contract insured a risk within the State of Florida.
In Atlantic Lines LTD. v. M/V Domburgh, 473 F. Supp. 700 (S.D.Fla. 1979) an insurance company was sued after its insured ran a ship into a wharf located in Jacksonville, Florida. The insurance company, a foreign corporation, filed a motion to dismiss the complaint, arguing that section 48.193 did not provide personal jurisdiction over the company. The court disagreed, finding that the insurance policy, while not made within the State of Florida, was made with Florida commerce in mind. This intent was evidenced by the insurance company insuring worldwide. The policy in question also contained a United States deductible to insure risks while the ship plied Florida waters.
In our view, although the facts are not as compelling, the analysis relied upon by the court in Atlantic also applies to the facts here. National Grange's policy territory encompassed the entire United States. The company was aware that the risk of loss was coextensive with the policy territory and that a loss could occur anywhere in the country. The fact that the loss occurred in Florida was a foreseeable consequence of issuing the policy with the unrestricted territory language. Thus, the Florida long arm statute, section 48.193(1)(d), should apply to National Grange.
National Grange also contends that, even if section 48.193(1)(d) applies in the instant case, the requisite minimum contacts required to satisfy constitutional due process guarantees do not exist between the company and the State of Florida so as to subject National Grange to the jurisdiction of Florida courts. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980). We cannot agree. As noted above, by knowingly insuring a vehicle without limitation as to its location within the United States or Canada the company must contemplate that it may have to be involved in litigation anywhere within those territorial limits. Presumably, a prudent automobile owner would not travel outside the bounds provided in his liability insurance contract. We do not believe the company can authorize its insured to travel within Florida, thereby incurring the risk of an accident within the state, and then claim that it does not have to respond to litigation following the occurrence of such an accident. To authorize such a stance would be patently unfair to Florida *1278 residents who may be injured by the insured vehicle.
Accordingly, we affirm the order of the trial court.
LETTS, C.J., and DOWNEY, J., concur.