LEHAN, Judge.
We reverse the trial court’s denial of defendant insurance company’s motion to dismiss for lack of personal jurisdiction under the Florida long-arm statute, section 48.193 Florida Statutes (1983). We agree with Kight v. New Jersey Manufacturers Insurance Co., 441 So.2d 189, 190 (Fla. 5th DCA 1983) that
A foreign insurer’s contract entered into in a foreign state insuring a foreign resident against liability resulting from an automobile accident occurring anywhere in the United States does not constitute such a minimum contact with all such states as is required by the federal constitutional due process requirement in order to confer in personam jurisdiction over the foreign insurer in any state where an accident may occur and liability arise.
As did the Fifth District Court of Appeal in Right,'we express direct conflict with National Grange Mutual Insurance Co. v. Fondren, 433 So.2d 1276 (Fla. 4th DCA 1983).
The complaint against the insurance company should have been dismissed because it failed to allege that the requirements of section 48.193(l)(d) were met, to wit, that the insurance company had insured a driver or his vehicle located within Florida at the time the insurance contract was entered into. Nettles v. White, 439 So.2d 1048 (Fla. 2d DCA 1983).
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and CAMPBELL, J., concur.