492 So.2d 1314 (1986)
Julius MEYER, Petitioner,
v.
AUTO CLUB INSURANCE ASSOCIATION, Respondent.
No. 66262.
Supreme Court of Florida.
July 17, 1986.
Rehearing Denied September 16, 1986.
C. Samuel Newman of L.D. Beltz & Associates, St. Petersburg, for petitioner.
*1315 William Rutger of Fowler, White, Gillen, Boggs, Villareal & Banker, Clearwater, for respondent.
EHRLICH, Justice.
We have for review Auto Club Insurance Association v. Meyer, 458 So.2d 425 (Fla. 2d DCA 1984), which directly conflicts with National Grange Mutual Insurance Co. v. Fondren, 433 So.2d 1276 (Fla. 4th DCA), review denied, 443 So.2d 980 (Fla. 1983). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the decision below.
In April 1983, the petitioner, then a Michigan resident, was involved in an automobile accident while visiting Pinellas County, Florida. At the time of the accident, petitioner was insured by respondent, a foreign corporation based in Michigan. Subsequent to the accident, petitioner became a Florida resident.
Petitioner sued respondent in the circuit court in and for Pinellas County, seeking recovery under his insurance policy for medical and lost wage benefits. Respondent's motion to dismiss for lack of personal jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes (1983), was denied by the trial court. The district court reversed, reasoning that the trial court could not exercise personal jurisdiction over respondent because the requirements of section 48.193(1)(d) were not met. We agree.
Section 48.193(1)(d) grants Florida courts jurisdiction over persons who contract "to insure any person, property, or risk located within this state at the time of contracting." (emphasis supplied). The insurance policy in question contains a provision that limits its coverage to the fifty states and between their ports. Petitioner argues that issuance of the policy with this territorial coverage brings respondent within the purview of section 48.193(1)(d), as the risk insured against under his policy included the possibility of an accident occurring within any of the states, including Florida. This fact might well be of significance were we deciding petitioner's entitlement to coverage under his insurance policy. Coverage vel non is not the issue here. The sole issue before us is whether Florida courts have the power to entertain petitioner's claim.
The relevant facts for deciding this jurisdictional issue are undisputed. Petitioner was a Michigan resident who contracted for automobile insurance with respondent, a Michigan insurance company. At the time this contract was entered into, both parties were located in Michigan, not Florida. The property covered under the policy and the risk insured against were likewise in Michigan, not Florida. These facts clearly negate the applicability of section 48.193(1)(d).
Accepting petitioner's interpretation of section 48.193(1)(d), that the "risk located within this state at the time of contracting" is coterminus with the policy's territorial coverage, would violate the due process clause of the fourteenth amendment to the United States Constitution. In order to subject a party to personal jurisdiction in Florida courts, that party must have certain "minimum contacts" with Florida so that maintenance of the suit does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The record before us shows that respondent was a foreign corporation, authorized and licensed to do business in Michigan. Respondent neither maintained an office in Florida nor solicited business in Florida. In short, respondent had no contacts with Florida. That petitioner, while a Michigan resident, was involved in an automobile accident in Florida, or that he eventually moved to Florida, are mere unilateral acts by petitioner and cannot, in and of themselves, provide respondent with the requisite minimum contacts mandated by the fourteenth amendment. The United States Supreme Court has stated:
The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The *1316 application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958). See also Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
Petitioner further argues that the risk of loss occurring in Florida was a foreseeable consequence of respondent's issuing the policy with the covered territory defined as the fifty states, and relies on National Grange, wherein the court stated:
National Grange's policy territory encompassed the entire United States. The company was aware that the risk of loss was coextensive with the policy territory and that a loss could occur anywhere in the country. The fact that the loss occurred in Florida was a foreseeable consequence of issuing the policy with the unrestricted territory language. Thus, the Florida long arm statute, section 48.193(1)(d), should apply to National Grange.
Id. at 1277.
The Supreme Court has rejected an identical theory that this type of "foreseeability" may be used as a basis for establishing in personam jurisdiction. In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Court held:
[T]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.
Id. at 297, 100 S.Ct. at 567. (emphasis supplied).
The respondent, having no contacts with Florida, therefore had no reasonable anticipation of being subjected to defending a suit in Florida courts.
We approve the decision below and disapprove the decision reached in National Grange.
It is so ordered.
McDONALD, C.J., and OVERTON and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion, in which BOYD, J., concurs.
ADKINS, Justice, dissenting.
I dissent.
Meyer alleges that the combination of section 48.193(1)(d), Florida Statutes (1981), and the language of the insurance policy provides the courts of the state of Florida with long arm jurisdiction over ACIA. I agree.
Section 48.193 provides:
(1) Any person ... who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(d) Contracts to insure any person, property, or risk located within this state at the time of contracting.
(Emphasis supplied.)
The insurance policy issued by ACIA to Meyer contains the following provision:
This policy applies only to occurrences, accidents and losses during the policy term ... The territory includes the states and between their ports; property protection insurance applies only in the state of Michigan.
The controlling term is the word risk found in section 48.193(1)(d). It is clear from the language of the insurance policy that the "risk(s)" insured against are "occurrences, accidents and losses," and that the territory within which said risks are insured is "the states." Thus, the plain language of this contract brings it within the scope of section 48.193(1)(d), inasmuch as Florida is one of "the states" referred to in the contract, and the risk of an accident *1317 occurring within this state was one of the risks insured against "at the time of contracting."
This interpretation is in full accordance with National Grange Mutual Insurance Co. v. Fondren, 433 So.2d 1276, 1277 (Fla. 4th DCA 1983), in which the court reasoned:
National Grange's policy territory encompassed the entire United States. The company was aware that the risk of loss was coextensive with the policy territory and that a loss could occur anywhere in the country. The fact that the loss occurred in Florida was a foreseeable consequence of issuing the policy with the unrestricted territory language. Thus, the Florida long arm statute, section 48.193(1)(d), should apply to National Grange.
Although not determinative of this action, the fact that ACIA limited its property protection clause to Michigan while it provided for personal injury protection in all of "the states" indicates a clear intention on the part of ACIA to insure the risk of personal injury occurring in all of "the states" including Florida.
This reasoning comports with the constitutional guarantees of due process of law. U.S. Const. amend XIV, § 1; art. I, § 9, Fla. Const. I recognize that the due process clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). However, the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). In this instance, ACIA acquiesced to the jurisdiction of the courts of this state by voluntarily agreeing to insure against occurrences, accidents and losses in Florida.
Accordingly, I would quash the decision of the district court.
BOYD, J., concurs.