642 So.2d 1159 (1994)
STRICKLAND INSURANCE GROUP, d/b/a Atlantic Casualty Insurance Company, Appellant,
v.
William SHEWMAKE, Appellee.
No. 94-1066.
District Court of Appeal of Florida, Fifth District.
September 23, 1994.
*1160 Dennis R. O'Connor and David B. Falstad of Gurney & Handley, P.A., Orlando, for appellant.
Franklin T. Walden of Massel, Alper & Walden, P.A., Altamonte Springs, for appellee.
THOMPSON, Judge.
Strickland Insurance Group d/b/a Atlantic Casualty Insurance Company ("Atlantic") appeals the trial court's denial of a motion to quash service of process, or in the alternative, to dismiss an amended complaint filed by William Shewmake ("Shewmake") for lack of in personam jurisdiction. We reverse and remand for entry of an order dismissing Atlantic from the amended complaint.
Shewmake filed a complaint[1] against Atlantic in the circuit court in Orange County, Florida seeking uninsured motorist benefits as a result of an accident that occurred in Orlando, Florida. Shewmake was involved in an automobile accident with Pauline Sewell, who had no insurance. Shewmake sued Sewell and Atlantic, his insurance carrier. Atlantic moved to quash the service of process or to dismiss for lack of in personam jurisdiction. To support this position, Atlantic filed an affidavit from Julia Turner Neal. She swore that:
I am over 18 years of age.
I am the Vice President and General Counsel of Atlantic Casualty Insurance Company.
That Atlantic Casualty Insurance Company does not do business in Florida nor is registered to do business in Florida.
That Atlantic Casualty Insurance Company has no connection whatsoever with the State of Florida and has absolutely no expectation of being hauled [sic] in to court as a defendant within the State of Florida.
That Atlantic Casualty Insurance company does not solicit insurance in Florida.
That Atlantic Casualty Insurance Company does not operate, conduct, engage in or otherwise carry on certain aspects of the insurance business, either itself or through its agents, in the defense of claims or participating in subrogation and other litigation in the State of Florida.
That Atlantic Casualty Insurance Company did not contract to insure William Shewmake as a resident of Florida.[2]
That Atlantic Casualty Insurance Company is a foreign corporation with its principal place of business in Goldsboro, North Carolina and all of its insurance operations are conducted out of Goldsboro, North Carolina.
Shewmake argued that Atlantic, pursuant to section 48.193(1)(d),[3] Florida Statutes (1991), of Florida's Long-arm statute, "acquiesced to the jurisdiction of the Courts of this state by agreeing to insure against an accident and loss... ." The trial court denied Atlantic's motion citing National Grange Mut. Ins. Co. v. Fondren, 433 So.2d 1276 (Fla. 4th DCA), review denied, 443 So.2d 980 (Fla. 1983).
In order to subject Atlantic to jurisdiction in Florida, a two prong test must be met: (1) Atlantic must have performed one of *1161 the acts in the Florida Long-arm Statute, Section 48.193, Florida Statutes (1991), from which the cause arises, and (2) Atlantic must have made minimum contacts with the State of Florida. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Citicorp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994). Taking the second prong first, based upon the undisputed facts, Atlantic does not have the requisite minimum contacts with the State of Florida. In the case sub judice, the uncontested affidavit of Vice President Neal demonstrates that the insurer and the insured were residents of North Carolina at the time the insurance contract was issued and there were no minimum contacts with the State of Florida. Atlantic did not solicit business in Florida, has no offices in Florida and never registered with the Insurance Commissioner of Florida for the service of process. Not only are there no minimum contacts with the State of Florida, there are no contacts with the State of Florida.
As to the first prong, Shewmake argued that the basis of jurisdiction was section 48.193(1)(d). He argued that because Atlantic insures him for losses that may occur anywhere in the United State of America, its territories or possessions; Puerto Rico or Canada, Atlantic can be sued anywhere the insured has an accident that is covered by the policy. He relies upon the reasoning in National Grange, which held that an insurer's risk of litigation was coterminous with its policy territory. 433 So.2d at 1277. The Florida Supreme Court in Meyer v. Auto Club Ins. Ass'n, 492 So.2d 1314 (Fla. 1986) (citing International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)), specifically rejected this argument. The court held that where the insurer and the insured were both out-of-state residents at the time the contract of insurance was issued, the fact that there was an accident in Florida does not give Florida courts jurisdiction over the insurer even if the insured, by a unilateral act, moves to Florida. Meyer, 492 So.2d 1314. The policy of insurance can not be read so broadly as to allow the insurer to be sued wherever the insured is involved in an accident, even though the contract of insurance applies to accidents and losses which occur in any of the 50 states, Puerto Rico or Canada. Id. The two are not coterminous. To allow suits of this nature would deprive the insurer of its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. Meyer, 492 So.2d at 1315. We find Meyer to be controlling.
We reverse the order denying Atlantic's motion to quash service of process or in the alternative to dismiss for lack of in personam jurisdiction and remand with directions that Atlantic be dismissed as a party from the lawsuit.
REVERSED and REMANDED with directions.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] The complaint was subsequently amended. The amended complaint was the basis of the motions Strickland filed.
[2] At the time Shewmake executed the application for insurance, he was a resident of Mooresville, North Carolina. He alleges he was a resident of Florida at the time of the accident.
[3] Section 48.193 provides in part:

(1) Any person ... who personally or through an agent does any of the acts enumerated in this subsection thereby submits [that person] ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
.....
(d) Contracting to insure any person, property, or risk located in this state at the time of contracting.
§ 48.193(1)(d), Fla. Stat. (1991).