KLEIN, J.
The insurer, which does not issue policies in Florida, insured a Virginia vehicle which was involved in an accident in Florida. The estate of a person killed in the accident obtained a judgment for more than the policy limits against the insureds, and the insureds filed this bad faith action against the insurer. The insurer asserts on this appeal that it is not subject to long-arm jurisdiction in Florida, but we disagree and affirm.
The insurer issued a policy to a Virginia resident insuring a car which was involved in an accident in Florida, resulting in a death. The estate of the decedent offered to settle for the policy limits, without success, and a lawsuit resulted in a judgment over the policy limits. The named insured and the driver, against whom judgments were entered, then filed this suit against the insurer alleging a bad faith failure to settle. The insurer moved to dismiss for lack of personal jurisdiction under the Florida long-arm statute and the due process clause of the Federal Constitution. The trial court denied the motion, and the insurer appeals.
The insurer first argues that jurisdiction under the Florida long-arm statute is controlled by section 48.193(l)(d), Florida Statutes (2002) which provides jurisdiction for acts arising out of “contracting to insure any person, property, or risk located within this state at the time of contracting.” We agree with the insurer that it did not contract to insure a risk located within this state at the time of contracting under section 48.193(1)(d). Meyer v. Auto Club Ins. Ass’n, 492 So.2d 1314 (Fla.1986).
The insureds, however, have at all times contended that there is jurisdiction under section 48.193(l)(g), which provides: (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
An action against the insurer for bad faith in failing to settle, resulting in an excess judgment against the insured, is “an action ex contractu.” Nationwide Mut Ins. Co. v. McNulty, 229 So.2d 585, 586 (Fla.1969). As our supreme court explained in McNulty:
The contractual duty of the insured [sic] to defend justifies an implication that the insurer will exercise ordinary care and good faith in so proceeding. Accordingly, when an insurer under such a policy contract undertakes to defend an action against the insured and becomes involved in negotiations for settlement, the law imposes the duty that it act therein in good faith. It follows that the cause of action for an ‘excess,’ where one arises from bad faith, is bottomed on the contract, and that the nature of an action thereon is ex contractu rather than in tort.
N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325, 1330 (Fla. 4th DCA 1996) (bad faith failure to settle is breach of contractual obligation).
The insurer’s failure to exercise good faith is accordingly a breach of contract. And, because the policy covered accidents in all states, it was a contractual *24 obligation to be performed in Florida in this case. The insurer is accordingly subject to personal jurisdiction under section 48.193(l)(g).
We next address whether allowing this suit to proceed in Florida offends federal due process under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The insurer relies primarily on Meyer, 492 So.2d at 1315 (Fla.1986), in which a Michigan resident had obtained auto insurance from a Michigan insurer which did not issue policies in Florida. While visiting Florida the insured was in an accident. The insured then moved to Florida and sued the insurer in Florida for PIP benefits. The court concluded that the fact that the insured had been in an accident in Florida, and eventually moved to Florida, were “mere unilateral acts” by the insured, which “in and of themselves” were insufficient to satisfy the minimum contacts required by due process.
Meyer is distinguishable from the present case in that in Meyer the insured sued under the policy for PIP benefits, a claim which did not arise out of any activity of the insurer in Florida. In the present case, the insurer, as it was required to do under the policy, undertook the defense of a claim brought against the insured in Florida, and breached its duty of good faith. The insurer has not cited a single case from Florida or any other jurisdiction holding that it would violate due process to allow a suit to proceed in the state where the insurer was guilty of a bad faith refusal to settle a claim against the insured.[1]
In Dollar Systems, Inc. v. Elvia, 863 So.2d 378 (Fla. 4th DCA 2003), the issue was whether a Swiss insurer, which sold travel insurance to German citizens traveling in the United States, was subject to personal jurisdiction in Florida, in a suit involving priority of coverage for a Florida accident. We held that the suit did not offend due process based on Eli Lilly & Co. v. Home Insurance Co., 794 F.2d 710 (D.C.Cir.1986). In Eli Lilly excess insurers contended they were not subject to personal jurisdiction in the District of Columbia, in a products liability case against their insured. The product was a drug manufactured by Eli Lilly and distributed nationally. The court explained:
The touchstone of our due process inquiry is whether it would have been “foreseeable” that the excess insurers would be “haled into court” in the District of Columbia. Given the specific relationship between appellants and ap-pellee in this case, we have little difficulty finding that such a result was in fact quite foreseeable.
Appellants knew that their insured, Lilly, distributed its products nationwide. They therefore were aware that Lilly was likely to be sued in any jurisdiction in the nation, including the District of Columbia. Moreover, as Lilly’s insurers, appellants were aware that if *25 Lilly was sued it was likely to attempt to implead appellants if a dispute arose over their duty to indemnify or defend. In such an eventuality it would be completely foreseeable that the insured would successfully hale the insurance company into court.
794 F.2d at 720 (citations omitted).
In this case the insurer agreed to exercise good faith in defending claims against the insured throughout the United States. It should have foreseen that a breach of that duty in Florida, resulting in a Florida judgment, would subject it to being haled into a Florida court. The maintenance of this suit accordingly does not violate due process under International Shoe. Affirmed.
GUNTHER and TAYLOR, JJ., concur.

. The insurer cites Davis v. American Family Mutual, 861 F.2d 1159 (9th Cir.1988); however, in that case the plaintiff injured in the accident, who had an assignment of the bad faith claim against the insurer, was attempting to sue the insurer in Montana, even though the policy had been issued in North Dakota, the accident had occurred in North Dakota, and the excess judgment had been entered in North Dakota. That case is distinguishable because the insurer was not being haled into court in the state where the bad faith resulting in the excess judgment had occurred. Marsh v. Farm Bureau Mutual Insurance Co., 179 Wis.2d 42, 505 N.W.2d 162 (1993) and Batton v. Tennessee Farmers Mutual Insurance Co., 153 Ariz. 268, 736 P.2d 2 (1987) are both distinguishable because neither involved excess judgments resulting from bad faith occurring in the state in which the suit against the insurer was filed.