KLEIN, J.,
dissenting.
Section 626.905, Florida Statutes (2005), titled “Unauthorized Insurers Process Law,” provides that it is the legislative intent that in certain circumstances insurers who are not authorized to do business in Florida are subject to service of process and jurisdiction of the Florida courts where policies are issued or delivered in this state. This policy was delivered to the insured, who is a resident of Florida, in Florida.
The majority concludes that this law does not apply because section 626.912(3) excludes insurers for “liability arising out of the ownership, operation or maintenance of any property having a permanent situs outside this state.” The majority reasons that because this homeowner’s policy covers a Michigan residence, it falls within that exclusion. Although the majority recognizes that the policy also covers personal tort liability, it brushes off that fact as incidental. I cannot agree with that reasoning.
The complaint alleged that the insured is the defendant in a slander lawsuit filed in Florida and that the insurer has breached its duty under the policy to defend the slander suit. The insurer, which has not argued the statutory exclusion relied on by the majority, grounded its motion to dismiss on the argument that it would violate federal due process to permit this suit to proceed here. The trial court granted the motion for that reason, but did not have the benefit of our subsequent decision in Virginia Farm Bureau Mutual v. Dunford, 877 So.2d 22 (Fla. 4th DCA 2004), holding that allowing an insurer which does not issue policies in Florida to be sued for a bad faith failure to settle a tort claim here does not violate federal due process.
When this insurer issued this policy covering personal liability, it contracted to defend and indemnify the insured for damage suits filed in states other than Michigan. This insurer was well aware when it issued this policy that if it breached its duties under the policy it was foreseeable that it would be haled into court in a jurisdiction where a tort claim had been brought against its insured. Allowing this insurer to be sued here for breaching its duty to defend a slander suit here does not offend due process. Dunford and cases cited. Nor does it come within the exclusion relied on by the majority. I would reverse.