Agnes, Peter W., J.
This action involves an insurance coverage dispute between National Union Fire Insurance Company of Pittsburgh, PA (“National Union”) and The Concord Group Insurance Company (“Concord”) .[2] Now before the court is Concord’s Motion to Dismiss based on misnomer of a party pursuant to Mass.R.Civ.P. 12(b)(8) and for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). For the reasons discussed below, that motion is DENIED.

BACKGROUND

National Union is an insurance carrier with a principal place of business in the state of New York. Concord is an insurance carrier with a principal place of business in New Hampshire. Both Insurance carriers are authorized to issue automobile insurance policies in New Hampshire. Defendant Bradley Jones (“Jones”) is a resident of New Hampshire.
Both insurance companies issued separate automobile policies to Jones. The National Union policy was a commercial policy naming Bradley R. Jones d/b/a B.R. Jones Rooting Company as the insured. Concord issued a personal automobile policy naming Brad and Cindy Jones as the named insureds. While these policies were in effect, Jones was involved in a two-car automobile accident while he was driving a vehicle owned by Enterprise Rent-a-Car. This accident occurred on August 5, 1997 in Worcester, Massachusetts. In October of 1997 Concord disclaimed coverage to Jones for this accident. In June of 2005, Concord again denied coverage for Jones. Subsequently, National Union undertook a defense of Jones without participation from Concord. While that tort action was ongoing, in November of 2005, National Union filed this instant action seeking a declaratoiy judgment as to coverage.[3]

DISCUSSION

1. Misnomer
The parties agree that “The Concord Group Insurance Company” is a misnomer, and that the correct name of the company that issued Jones’s automobile policy is “Concord General Mutual Insurance Company.” Concord now seeks dismissal of the complaint under Mass.R.Civ.P. 12(b)(8) based on this misnomer. As there is no Massachusetts case law interpreting Mass.R.Civ.P. 12(b)(8), Massachusetts’s courts may employ the cognate federal interpretation. That interpretation favors appropriate amendments in the interests of justice. United States v. A.H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947). The Massachusetts and Federal Rules of Civil Procedure allow for amendments of process, in the court’s discretion, provided that the amendment would not prejudice the rights of the party against whom the process is issued. Mass.R.Civ.P. 4(g); Fed.R.Civ.P. 4(h).
There is no evidence that the decision to incorrectly name the Concord Group Insurance Company as defendant was made in bad faith. This apparent mistake has not affected Concord’s substantial rights or prejudiced its defense. Therefore, in its discretion the court will allow National Union to amend its complaint and Concord’s motion to dismiss based on misnomer of a party shall be denied.
2. Personal Jurisdiction
This court may exercise personal jurisdiction over a non-resident defendant if the assertion of jurisdiction is (1) authorized by the state’s longarm statute codified at G.L.c. 223A, §3(a)-(h); and (2) is consistent with the basic due process requirements mandated by the United States Constitution. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Morrill v. Tong, 390 Mass. 120, 129 (1983); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979); Beaulieu v. Beaulieu 46 Mass.App.Ct. 850, 851 (1999). See also U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d. 9, 11 (1st Cir. 1990). When a defendant challenges the assertion of personal jurisdiction under Massachusetts Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts on which jurisdiction is based. Morrill, 390 Mass, at 129; Good Hope Industries, Inc., 378 Mass, at 3; Stanton v. AM Gen. Corp., 50 Mass.App.Ct. 116, 117 (2000).
The Massachusetts longarm statute describes a number of express circumstances as a result of which this court may properly exercise jurisdiction over a nonresident defendant. The statute provides, in pertinent part:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s
a.) transacting business in this Commonwealth;
b.) contracting to supply services or things in this Commonwealth; . . .
f.) contracting to insure any person, properly or risk located within this Commonwealth at the time of contracting.
G.L.c. 223A, §§3(a), (b), (f).
The parties here dispute the applicability of all three of these provisions to the facts of this case. In its motion, Concord maintains that none of these longarm provisions applies. Concord highlights the *458 fact that it does not solicit business in Massachusetts and that the insured was not a Massachusetts resident at the time the policy was issued. National Union counters that the exercise of personal jurisdiction over Concord, whose policy explicitly provided Jones coverage while driving in Massachusetts, comports with both the requirements of the longarm statute and the constitutional considerations of the due process clause. As discussed below, this court finds that National Union has demonstrated that the longarm statute authorizes jurisdiction pursuant to sections 3(b) and 3(f) and that this exercise of personal jurisdiction does comport with the constitutional requirements.

3. Longarm Statute Subsection 3(b)

Is a contract of liability insurance a contract “to supply services or things in this commonwealth?” Although there is no controlling Massachusetts precedent, this question was examined by the United States District Court in the case of American Home Assurance Co. v. Sport Maska, Inc., 808 F.Sup. 67 (D.Mass 1992). National Union now cites that district court’s affirmative answer in support of its opposition to Concord’s motion to dismiss. This court finds the decision in American Home persuasive and similarly concludes that section 3(b) subjects Concord to in personam jurisdiction under section 3(b).
In American Home, the plaintiff, a commercial liability insurer, brought an action for declaratory judgment seeking a determination of insurance obligations under a policy being invoked in a tort suit brought in the District of Massachusetts. See Id. at 69. The policy’s insureds moved to dismiss for lack of personal jurisdiction. Id. at 67. The court found the plaintiff insurer’s argument for personal jurisdiction under Section 3(b) “cogent and persuasive.” The court opined that “(i]f it is reasonably foreseeable that the insured may be haled into a court in the commonwealth, it is also reasonably foreseeable that the insured’s contracting to assist in the defense will require acts in the commonwealth that may reasonably be described as ‘supplying services ... in the commonwealth.’ ” Id. at 75. On this reasoning, the court held that Section 3(b) permitted the exercise of jurisdiction over the nonresident insured. See Id.
In this case, at the time Concord issued the New Hampshire insurance policy it was foreseeable that the insured, Jones, may at some point in the future be involved in an automobile accident in neighboring Massachusetts and that therefore Jones might be haled into court in Massachusetts. Should such an event occur, his insurer, Concord, is contractually obligated to defend and indemnify Jones by the explicit language in the Concord policy which provided for coverage in states outside of New Hampshire. Given that the policy obligated Concord to defend and indemnify Jones, it logically follows that Concord in effect contracted to provide a service, such service being defense and indemnity, in the Commonwealth Massachusetts. Having contracted to provide a “service” in Massachusetts, Concord falls within the reach of subsection 3(b) of the longarm statute.
4. Longarm Statute Subsection 3(f)
Section 3(f) provides for personal jurisdiction over a person who “contract(s) to insure any person, property, or risk located within this commonwealth at the time of contracting.” G.L.c. 223A, §3(f) (emphasis added). National Union argues that because the Concord auto policy provided coverage in Massachusetts (along with the other forty-nine states), Concord insured a “risk” in Massachusetts at the time it issued the policy. There is no controlling Massachusetts authority on this issue.
Several courts in other jurisdictions, analyzing identical longarm statutes, have explicitly rejected Nation Union’s argument. See e.g. Meyer v. Auto Club Ins. Association, 492 So.2d 1314, 1316 (Fla. 1986); Carter v. Miss. Farm Bureau Casualty Ins. Co., 326 Mont. 350, 360 (2005); Gagnon v. Emerson Elec. Benefit Health Plan & Trust Fund, 2001 U.S. Dist. LEXIS 12765 (D.Mich. 2001) (“There is no evidence or allegation that [the insurers] Out-of-State Coverage provision insured against a specific risk in Michigan ... ‘It would not be consistent with traditional notions of fair play and substantial justice,’ International Shoe Co. v. Washington, 326 U.S. 310 (1945), to make all automobile insurers subject to personal jurisdiction in all fifty states merely because they have an out-of-state coverage provision”).
On the other hand, the Massachusetts Federal District Court, when analyzing what interpretation of subsection (f) would most likely be reached by the Supreme Judicial Court of Massachusetts if and when the issue came before it, reached the opposite conclusion and concluded that subsection (f) does extend personal jurisdiction over non-resident insurers. American Home Assurance Co., 808 F.Sup. at 76. In that case, the court wrote:
“Risk” is a forward-looking concept. Once all relevant events have occurred and, in relationship to liability insurance, we can look back and say the legal consequences of those events have been finally determined, risk has been resolved, and there is certainty one way or the other. For this reason, a requirement that the risk be “located within this commonwealth at the time of contracting” is not a barrier to in personam jurisdiction in this case. To the extent that it is reasonably foreseeable that a defendant will be subject to personal jurisdiction in the commonwealth with respect to a tort action, the liability insurance contract will apply to a “risk” located within this commonwealth at the time of contracting.
Id. at 75.
The facts of American Home involved an insurance coverage dispute stemming from the sale of allegedly *459 defective hockey helmets. Although the facts of this case do not involve an underlying products liability suit, the analysis performed by the District Court is equally applicable to the case at bar. As with nationally distributed hockey helmets, it is certainly foreseeable that the thing being insured would travel outside the state where the insurance contract was entered into. Among the duties assumed by Concord are, in the event of a claim against its insured, to defend and indemnify that insured. Satisfaction of these duties may necessarily require Concord’s participation in a Massachusetts court case.
The Supreme Judicial Court has favored a broad interpretation of the “transacting any business” language in the closely related subsection (a) of the longarm statute. Tatro, 416 Mass. at 767. Thus this court adopts the reasoning of American Home and concludes that the statutory language of subsection 3(f) does not require that the “risk” be realized at the time of contracting, but rather, requires only that it be reasonably foreseeable at the time of contracting; that an insured might, during the period of coverage, be involved in a covered event while in Massachusetts.
This conclusion comports with ideals of judicial economy, and does not run counter to the public policy interest of either Massachusetts or New Hampshire. Having to first resolve a coverage issue outside of the state where the accident occurred, may require more litigation than may otherwise be necessary. Massachusetts, the state where the loss was sustained, has a definite interest in ensuring that a party responsible for covering the loss fulfill its obligations. The underlying suit involves a Massachusetts citizen and the present suit will determine who should have defended him and who may be liable for indemnification. This court certainly has an interest in determining issues that impact which parties appear before it and which parties will ultimately bear the responsibility for satisfying any potential judgment obtained in a Massachusetts court by a Massachusetts citizen or corporation. Conversely, the court does not see any New Hampshire policy interest that would be offended by having this issue be resolved in Massachusetts.
5. The Constitutional Question
Having concluded that the longarm statute permits this court’s jurisdiction over Concord, the court must now determine if such exercise of jurisdiction comports with the due process requirements of the United States Constitution. This inquiry requires National Union to demonstrate that Concord established minimum contacts in the Commonwealth. See Tatro, 416 Mass. at 772-73. Minimum contacts are established by demonstrating that the defendant purposely availed itself of the privilege of conducting activities in the Commonwealth and that plaintiffs claim arises from, or relates to, defendant’s activities within the forum. See id. at 772. Additionally, National Union must establish that the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. See id. at 773. This test focuses on the reasonableness of the court’s assertion of jurisdiction accounting for such factors as the burden on the defendant of litigating in Massachusetts, Massachusetts’s interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief. See id.
The facts of the matter at bar reveal that this court may assert jurisdiction consistent with constitutional mandates. Ultimately, the dispute between National Union and Concord involves the application of contract provisions to the circumstances of the accident that occurred in Massachusetts. As the situs of the accident, Massachusetts may be the best venue for resolving this dispute between two corporations from different states. Although Concord does not consider itself a “national” insurer, and may never have solicited business in Massachusetts, they sold policies that they knew, or should have known, would potentially require them to defend or arrange for the defense of policy holders being sued in Massachusetts and thus Concord could have “reasonably anticipate [d] out-of-state litigation.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citation omitted).[4]
If Concord did not wish to insure a risk in Massachusetts they could have excluded coverage in Massachusetts.[5] The court takes judicial notice that Massachusetts and New Hampshire experience a large amount of daily cross border automobile traffic, which further supports the conclusion that Concord purposely availed itself of the privilege of conducting activities in Massachusetts. See Jackson v. Longcope, 394 Mass. 577, 580 (1985) (stating that it is reasonable to take judicial notice of facts when considering a motion to dismiss); Commonwealth v. Grinkley, 44 Mass.App.Ct. 62, 69 n.9 (1997) (stating that a court may take judicial notice of facts capable of accurate and ready determination).
Because the underlying tort suit against Jones arises out of a risk Concord insured, National Union’s action for a determination of Concord’s obligations is sufficiently related to Concord’s forum activities to satisfy the constitutional threshold. See American Home Assurance Co., 808 F.Sup. at 77 (court may consider contacts incident to related tort suit in minimum contacts inquiry); see also Connecticut Nat. Bank, 37 Mass.App.Ct. at 236-37 (jurisdiction proper where plaintiff was not a party to the transaction causing the suit).
As to the second tier of the constitutional inquiry, the court cannot discern how the exercise of jurisdiction over Concord would offend traditional notions of fair play and substantial justice. The simple fact that Concord is a New Hampshire corporation and the litigation will occur in Massachusetts does not present such an onerous burden as to persuade this court to decline jurisdiction, particularly since Concord could later be obligated to defend the underlying suits in *460 Massachusetts. Thus, the court finds that the exercise of jurisdiction over Concord does not offend traditional notions of fair play and substantial justice.

ORDER

For the foregoing reasons Concord’s Motion to Dismiss is DENIED. National Union is granted leave to amend their complaint to correct the misnomer of a party._

The Concord Group Insurance Company, against whom this action was filed, is not a company at all, but the trade name for a group of companies that sell insurance. Concord General Insurance Company is the proper party against whom this action should have been filed. For the reasons stated below the court is allowing the plaintiff to correct this misnomer and references to “Concord” in this memorandum shall refer to the proper defendant, Concord General Insurance Company.

At the hearing on this motion the court was informed that the underlying action against Jones had recently settled. However, because this settlement event could not have been predicted at the time this action was brought, and because the coverage dispute survives the settlement, the court need not consider the settlement in reaching this decision.

Concord has admitted that before denying coverage they undertook to investigate Jones’s claim inside Massachusetts. It is also reasonable to assume that prior to this action Concord has defended or arranged for the defense of other insureds in Massachusetts.

The court recognizes that excluding coverage in a neighboring state would likely make such a policy unmarketable.