PER CURIAM.
Plaintiffs, residents of Florida, filed an ex contractu action for damages against defendants, residents of Argentina, So. America. Incident thereto plaintiffs caused to be issued a writ of garnishment before judgment, against a local bank in which the non-resident defendants maintained an account. The garnishee filed an answer. Thus, in absence of jurisdiction, over the persons of the defendants, the action would be one limited to in rem recovery.
The defendants, based on lack of personal jurisdiction over them, filed a special appearance motion by which they sought to contest the validity of the writ of garnishment. The motion was denied.
Appealing therefrom, the defendants contend the court committed error by holding that they did not have standing to challenge the writ of garnishment because they were aliens not personally within the United States. The short answer to that contention is that the court did not so hold. What the court held, in the order denying the motion, was that the defendants could not be heard on the merits of such matter by a motion filed as a special appearance relying on the absence of jurisdiction over them. We hold no error was committed by the court in making that ruling. In the procedural circumstances of this case we need not and do not express opinion on the validity or invalidity of the garnishment writ.[1] If, following remand, the defendants shall elect to submit to the jurisdiction of the court and thereupon challenge the validity of the garnishment order, within such time as the trial court shall fix and allow therefor, they should be entitled to do so. Otherwise the cause may proceed as an action in rem.
The order appealed from is affirmed, and the cause remanded for further proceedings.

. See: Ray Lein Construction, Inc. v. Wainwright, 346 So.2d 1029 (Fla.1977).