PER CURIAM.
This petition for certiorari seeks review of a circuit court order which affirmed a county court order denying, for lack of standing, petitioner’s motion to dissolve a writ of garnishment. We deny the petition.
The garnishee, in answer to the writ, admitted that as the defendant in a lawsuit filed by the judgment debtor it was holding the funds it had agreed to pay in settlement. The answer further stated, however, that the garnishee was in doubt as to whether it was holding funds belonging to the judgment debtor because the latter not only was disputing the settlement terms but also was moving to substitute an unnamed party in its place as plaintiff. The answer did not disclose petitioner by name nor otherwise identify anyone else with an ownership interest in the property.
Subsequent to service of garnishee’s answer, petitioner obtained an order in the underlying county court action allowing it to be substituted as plaintiff in place of the judgment debtor. Petitioner then filed in the garnishment its motion to dissolve the writ of garnishment, which the court denied on the basis of petitioner’s lack of standing.
Upon service of a writ of garnishment, the garnishee must serve an answer which, pertinent to the present case, must indicate whether the garnishee has property of the defendant under his or her control, or knows of any other person indebted to the defendant. See § 77.04, Fla.Stat. (1997). Once that information is received the gar-nishor must send notice to those persons disclosed in the garnishee’s answer informing them of the garnishment and advising them of their right to move to dissolve the writ. § 77.055. The statutory right to move to dissolve the writ is granted only to the defendant and any other person having an ownership interest in the property, as disclosed by the garnishee’s answer. § 77.07(2). The statutes contemplate that other persons who claim an ownership interest in the debt due by the garnishee, or in property in the hands or possession of the garnishee, may assert such claim by filing an affidavit under the provisions of section 77.16.
Petitioner contends that even though its identity was not disclosed specifically in the garnishee’s answer, its identity was disclosed sufficiently to meet the requirements of § 77.07(2) because the answer indicated the existence of an unidentified third party who might be substituted for the judgment debtor as party plaintiff. The circuit court, in affirming the county court’s denial of the motion to dissolve the writ, did not violate a clearly established principle of law resulting in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Petitioner could have made a claim under the procedure of § 77.16 but did not.
WARNER and POLEN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.