PER CURIAM.
Guillermo Alfonso Rojas appeals two nonfi-nal orders in this dissolution of marriage proceeding, one awarding temporary child custody and the other awarding temporary attorney’s fees. The appellant husband contends that the trial court lacked personal jurisdiction over him and thus could not enter the orders now under review. We disagree and affirm.
The appellee wife filed a dissolution of marriage action and obtained a default against the appellant husband, a Mexican national. Counsel for the husband filed a “Notice of Limited/Special Appearance” announcing the husband’s intent to contest personal jurisdiction. The husband next filed a motion to set aside default and to dismiss the petition for dissolution of marriage. The motion to dismiss argued that the trial court should defer to an earlier-filed proceeding in Mexico, and that the Florida action should be dismissed.
Because the husband’s motion to dismiss did not challenge personal jurisdiction, we conclude that the defense was waived. See Fla.R.Civ.P. 1.140(h)(1); Henry P. Trawick, Jr., Florida Practice & Procedure § 10-8, at 193 (1997 ed.); 1 Fla.Jur.2d Actions § 206 *319 (1997).* The question whether Florida should defer to the pending Mexican proceeding has not yet been resolved by the trial court and we express no opinion on that issue.
Affirmed.

 We therefore need not reach the wife’s alternative arguments on personal jurisdiction, including the contention that personal jurisdiction was established for purposes of child custody pursuant to section 61.1312, Florida Statutes (1997).