SHAHOOD, J.
Appellant, Allan Rudd, appeals from an Order denying his motion to abate, stay or vacate the order denying his motion to dissolve and set .aside a continuing writ of wages/salary garnishment and from final judgment after default. We reverse and remand for further proceedings.
This-action originated from a complaint for damages initiated by plaintiffs Scott Frank and Master Your Mind, Inc;, against -appellant, Allan M. Rudd and *1190 Sharon Rudd for money lent, and National Reprographics, Inc., for breach of a promissory note, in the amount of $15,091.00. Following trial, the trial court entered Final Judgment finding that Frank lent money to Rudd individually, for which he was not reimbursed. Judgment was entered in favor of Frank against Rudd in the amount of $15,091.00 with prejudgment interest in the amount of $1,350.51 for a total of $16,-441.51.
Frank moved for a continuing writ of wages/salary garnishment against garnishee, First Union National Bank of Florida, requiring First Union to retain and pay over to Frank the lesser of 25% of Rudd’s net income with First Union or thirty (30) times the minimum wage pursuant to statute. On January 14, 1999, the trial court entered a Continuing Writ of Garnishment against Salary or Wages against garnishee First Union. The Writ required First Union to file an answer to the writ within twenty days after service on the garnishee. Failure to answer within the time required could result in the entry of judgment against the garnishee for the entire amount of the judgment, $16,441.51. First Union was served with the Writ on January 25,1999.
First Union did not answer. Instead, Rudd filed an Answer and Motion to Dissolve and Set Aside Continuing Writ of Wages/Salary Garnishment Order by this Court on January 14, 1999. In said answer, Rudd claimed in a sworn affidavit that pursuant to section 222.12, Florida Statutes, he was exempt from garnishment of wages pursuant to sections 222.11 and 222.12 as head of the family. On February 22, 1999, the trial court granted Rudd’s motion to dissolve and set aside the continuing writ of garnishment.
Frank moved for default claiming that he was entitled to a default since First Union, as garnishee, failed to answer the writ of garnishment pursuant to section 77.081, Florida Statutes. Thereafter, Frank moved to vacate the Order on Defendant’s Motion to Dissolve and Set Aside Continuing Writ of Wages/Salary Garnishment Order by this Court on January 14, 1999. The trial court granted Frank’s motion, vacated its prior order dissolving the continuing writ and reinstated the writ. The court then entered an Order of Default against First Union for failure to answer the Continuing Writ and reserved ruling on Frank’s Motion for Final Judgment.
On April 6, 1999, the trial court entered an Order Denying Defendant’s Motion to Dissolve and Set Aside Continuing Writ of Wages/Salary Garnishment on the grounds that Rudd’s answer and motion to dissolve were improperly and prematurely filed since First Union, as garnishee, had yet to file its answer to the writ of garnishment. Further, the court held that Rudd’s affidavit as head of family was not sworn under oath before the officer who issued process as required under section 222.12. Because First Union failed to answer the writ of garnishment, the court entered Final Judgment After Default against First Union in the amount of $16,441.51.
On April 12, 1999, Rudd filed a Motion to Abate, Stay or Vacate Order Dated April 6, 1999, Denying Defendant’s Motion to Dissolve and Set Aside Continuing Writ of Garnishment Order by this Court on January 14, 1999, and Final Judgment After Default against the Garnishee dated April 6, 1999. Rudd claimed that a second sworn affidavit filed by him cured the defect in his first affidavit and that all evidence presented to the trial court demonstrated that Rudd was head of his family and met the conditions for exemption of his wages from garnishment. On May 6, 1999, the trial court denied Rudd’s motion on the grounds that Rudd’s answer and motion to dissolve were improperly and prematurely filed since First Union had not yet answered the Writ of Garnishment and that Rudd could not cure the defect contained in his affidavit. The court further held that Rudd had no standing to assert such relief.
*1191 If salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor’s employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as they become due until the judgment is satisfied or otherwise provided by court order. See § 77.0305, Fla. Stat. (1997). The garnishee is only liable for debts due by the garnishee to the defendant, and for tangible or intangible personal property of defendant which is in possession of the garnishee. See Security Bank, N.A. v. BellSouth Adder. & Publ’g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996), approved, 698 So.2d 254 (Fla.1997); § 77.06(1), Fla. Stat. (1997). The writ requires that the garnishee answer within 20 days after service whether he or she is indebted to the defendant at the time of the answer, what sum or property of the defendant is in the possession or control of the garnishee and whether the garnishee knows of anyone else indebted to the defendant. See § 77.04. Fla. Stat. (1997).
Section 77.055, Florida Statutes (1997) provides that notice shall be given to the defendant:
Within 5 days after service of the garnishee’s answer on the plaintiff or after the time period for the garnishee’s answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the writ, a copy of the answer, a notice, and a certificate of service. The notice shall advise the recipient that he or she must move to dissolve the writ within the time period set forth in s. 77.07(2) or be defaulted and that he or she may have exemptions from the garnishment which must be asserted as a defense.
(emphasis added).
The statutory right to move to dissolve the writ is granted only to the defendant and any other person having an ownership interest in the property, as disclosed by the garnishee’s answer. See Navon, Kopelman & O’Donnell, P.A. v. Synnex Info. Tech., Inc., 720 So.2d 1167, 1168 (Fla. 4th DCA 1998); § 77.07(1), Fla. Stat. (1997). The defendant shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant. See § 77.07(2), Fla. Stat. (1997).
In this ease, the continuing writ of garnishment against First Union was entered on January 14, 1999. First Union, as garnishee, was served with the continuing writ of wages garnishment on January 25, 1999. Accordingly, First Union had 20 days or until February 14, 1999 to file an answer. Because First Union never filed an answer to the continuing writ, the court, on April 6, entered Final Judgment of Default against First Union.
Rudd filed his motion to dissolve the continuing writ along with his affidavit claiming exemption on February 4, 1999. In both its April 6, 1999 and May 6, 1999 orders denying Rudd’s motion to dissolve and set aside the continuing writ, the court held that his motion was improperly and prematurely filed because First Union had not yet answered the Writ. In its May 6, 1999 order, the court reasoned that Rudd was attempting to circumvent the rights of the garnishee by filing an answer to the writ of garnishment. In essence, it was the court’s position that Rudd could never file a motion to dissolve the writ as was his right under section 77.07, until First Union filed its answer. That conclusion was in error.
Under the notice provision in section 77.055, the plaintiff shall serve upon the defendant copies of various documents pertaining to the writ within 5 days after service of the garnishee’s answer on the plaintiff or after the time period for the garnishee’s answer has expired. The notice advises the defendant that he must move to dissolve the writ within the time period set forth in section 77.07(2) or be defaulted and that he may assert his exemptions from the garnishment as a defense. § 77.055, Fla. Stat. (1997).
*1192 The defendant and any other person having an ownership interest in the property, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiffs notice required by section 77.055 stating that any allegation in plaintiffs motion for writ is untrue. § 77.07(2), Fla. Stat. (1997). On such motion, this issue shall be tried, and if the allegation in plaintiffs motion which is denied is not proved to be true, the garnishment shall be dissolved. See id. Failure of the defendant to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved. See id.
After the February 14, 1999 expiration of First Union’s time to file an answer to the writ, Frank was mandated by statute to provide Rudd with notice. It was immaterial that Rudd’s initial motion was prematurely filed. Rudd’s right to properly move to dissolve the writ under section 77.07(2) could not be triggered where Frank failed to comply with the notice provision set forth in section 77.055. Where a garnishor fails to give notice of the writ as required under section 77.055, a debtor could be foreclosed from using the statute and exercising his right to move to dissolve the writ and file his affidavit for exemptions from garnishment under section 222.12.
In addition to the notice provision’s mandate for compliance by the plaintiff, we hold that a defendant’s assertion of the exemptions from garnishment contained in sections 222.11 and 222.12, Florida Statutes (1999), may properly precede the garnishee’s filing of an answer. In practice, because wages or a bank account are frozen by the service of the writ, a defendant will have notice of the garnishment well before the garnishee’s time to answer the writ will have expired. Section 222.12 contemplates an expeditious resolution of the claim of an exemption.
Based on all of the foregoing, under the facts of this case, we reverse and remand with directions that Rudd be permitted to properly file his motion to dissolve the writ and any applicable exemptions from garnishment in accordance with sections 77.07(2) and 222.12. Rudd shall file and serve his motion within 20 days after the issuance of the mandate. Should he fail to timely file and serve the motion to dissolve, then he shall be foreclosed of such right as indicated in section 77.07(2). Since we are remanding this matter for proceedings anew, the remaining issues raised in this appeal are moot.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, C.J, and GROSS, J., concur.