863 So.2d 378 (2003)
DOLLAR SYSTEMS, INC., Appellant,
v.
ELVIA, Appellee.
No. 4D03-489.
District Court of Appeal of Florida, Fourth District.
December 10, 2003.
Rehearing Denied February 4, 2004.
Carri S. Leininger of Williams, Leininger & Cosby, P.A., West Palm Beach, for appellant.
David B. Shelton and Lori J. Caldwell of Rumberger, Kirk & Caldwell, Orlando, for appellee.
KLEIN, J.
Elvia is a European liability insurer which sold excess coverage to protect Europeans driving rental cars while visiting in the United States. The issue before us is whether Elvia is subject to personal jurisdiction in a declaratory action brought to determine coverage for Florida accidents. We conclude Elvia is subject to personal jurisdiction.
A Swiss company with its main office in Germany, Elvia sells travel insurance through a German tour operator, C.A. Ferntouristik (CAF), which markets tour packages to German citizens traveling in the United States. CAF contracted with *379 Dollar System, Inc. for Dollar to provide rental cars in Florida to the tourists. Through CAF, Elvia provides excess liability insurance over the insurance provided by Dollar.
After some of the tourists were involved in accidents in Florida while driving Dollar vehicles, a dispute arose as to the priority of coverage between Elvia and other excess liability insurers. Dollar filed this action against Elvia seeking declaratory relief as to the priority of coverage, and the trial court dismissed for lack of personal jurisdiction.
Our long arm statute, section 48.193(1)(d), Florida Statutes (2003), provides that one who contracts "to insure any person, property, or risk located within this state at the time of contracting" is subject to personal jurisdiction. Elvia argues that it is not subject to personal jurisdiction under this statute because, when it entered into this contract with CAF in Germany, there was no "risk located within this state at the time of contracting." Elvia's point is that the CAF contract was entered before Elvia actually insured a tourist, and accordingly there was no risk located in Florida at the time of the contract.
Elvia's contract with CAF, however, was merely a contract to provide insurance in the future. The contract to insure contemplated by the statute was the insurance coverage which did not become effective until the insured rented the car. The premium charged was a specific amount per car per day. When that coverage became effective, Elvia knew that the car was being rented in Florida.
Elvia relies, for its argument that there was no risk in Florida at the time of the contract, on Meyer v. Auto Club Insurance Ass'n, 492 So.2d 1314 (Fla.1986). In Meyer a Michigan resident had obtained auto insurance from a Michigan insurer which neither maintained offices nor solicited business in Florida. While visiting Florida, the insured was in an accident. After that he became a Florida resident, and then sued the insurer in Florida for PIP benefits. In holding that the Michigan insurer was not subject to personal jurisdiction in Florida for this suit by the insured, the court explained:
The relevant facts for deciding this jurisdictional issue are undisputed. Petitioner was a Michigan resident who contracted for automobile insurance with respondent, a Michigan insurance company. At the time this contract was entered into, both parties were located in Michigan, not Florida. The property covered under the policy and the risk insured against were likewise in Michigan, not Florida. These facts clearly negate the applicability of section 48.193(1)(d).
Id. at 1315.
The court also concluded that the Michigan insurer, which did not maintain an office or solicit business in Florida, did not have the minimum contacts with Florida required under the due process clause of the Fourteenth Amendment. The court reasoned that the unilateral acts of the insured in having an accident in, and becoming a resident of Florida, were not enough to subject the Michigan insurer to personal jurisdiction. The court rejected the insured's argument that, because the policy covered him while driving in any state, there was jurisdiction, explaining that providing coverage for an accident in any state is not the same as having minimum contacts in any state.
We find Meyer distinguishable because in Meyer, when the insurance went into effect, the risk being insured was that of a Michigan resident. The risk entailed in that undertaking would not contemplate that a first party claim against the insurer would be filed in Florida. In contrast to Meyer, the risk in the present case did not *380 change after the insurance became effective. The policy explicitly provided insurance for tourists vacationing in Florida.
In Glovegold Shipping Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So.2d 4 (Fla. 1st DCA 2000), a foreign insurer had insured a foreign vessel which the insurer knew would be sailing in Florida waters. Following an accident off the coast of Jacksonville, the insured brought suit against the insurer in Florida, and the trial court dismissed for lack of personal jurisdiction. The first district reversed, however, concluding that the foreign insurer had contracted to insure a risk located in Florida under section 48.193(1)(d). We agree with Glovegold and conclude that our long arm statute was satisfied.
Proceeding to the federal due process issue, McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (U.S.1957), we find the reasoning in Eli Lilly and Co. v. Home Insurance Co., 794 F.2d 710 (D.C.Cir.1986), persuasive. In Eli Lilly excess insurers contended they were not subject to personal jurisdiction in the District of Columbia, in a products liability case against their insured. The product was a drug manufactured by Eli Lilly and distributed nationally. After concluding that insurers met the requirement of the D.C. long arm statute, which was worded the same as our section 48.193(1)(d), the court addressed the due process argument:
The touchstone of our due process inquiry is whether it would have been "foreseeable" that the excess insurers would be "haled into court" in the District of Columbia. Given the specific relationship between appellants and appellee in this case, we have little difficulty finding that such a result was in fact quite foreseeable.
Appellants knew that their insured, Lilly, distributed its products nationwide. They therefore were aware that Lilly was likely to be sued in any jurisdiction in the nation, including the District of Columbia. Moreover, as Lilly's insurers, appellants were aware that if Lilly was sued it was likely to attempt to implead appellants if a dispute arose over their duty to indemnify or defend. In such an eventuality it would be completely foreseeable that the insured would successfully hale the insurance company into court.
794 F.2d at 720 (citations omitted).
Just as the excess insurers in Eli Lilly knew that they could be haled into court for a coverage dispute in any state where the product was distributed, Elvia, which was specifically providing excess insurance for tourists driving in Florida, should have foreseen that it would be haled into court in Florida if a dispute arose about coverage. Maintenance of this suit in Florida does not violate due process.
The order of dismissal is therefore reversed.
STONE and TAYLOR, JJ., concur.