915 So.2d 703 (2005)
Alina MARCOS, Appellant,
v.
Stephen Andrew HAECKER, Appellee.
No. 3D04-2283.
District Court of Appeal of Florida, Third District.
November 23, 2005.
Jesse C. Jones, Miami, for appellant.
Philip D. Parrish; Lawrence S. Katz, Miami, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
SHEPHERD, J.
Alina Marcos appeals the trial court's final order dismissing her petition to determine paternity and for related relief brought against Stephen Andrew Haecker. The narrow question presented is whether a defendant who couples a motion to dismiss *704 on grounds of forum non conveniens, see Fla. R. Civ. P. 1.061, with a motion to quash service of process pursuant to Florida Rule of Civil Procedure 1.140 thereby waives the latter. We find that a simultaneously filed motion to dismiss on the grounds of forum non conveniens does not waive such rights as may exist on a motion to quash. Accordingly, we affirm the judgment below.

FACTS
Marcos is a nonresident alien and citizen of Spain. Haecker is a U.S. citizen who resides in Mexico City. In October 1995, the parties briefly crossed paths in Miami Beach, Florida, after which Marcos learned that she was pregnant. In December 2001, Marcos filed her paternity action in Miami-Dade County Circuit Court. For the next two and a half years, Marcos sought to serve process on the absent Haecker. As is his right, Haecker did not respond to Marcos' counsel's entreaty to accept service of process by mail. See Fla. R. Civ. P. 1.070. He also contested Marcos' efforts to consummate service on him through the only other means at her disposal, the Inter-American Convention on Letters Rogatory (Jan. 30, 1975, S Treaty Doc. No. 27, 98th Cong, 2d Sess (1984))(the Convention).
From the summer of 2002, when the lower court authorized the Convention's use, through the fall of 2003, Marcos sought to serve Haecker through Process Forwarding International, a private contractor for the United States Department of State. According to Marcos, Process Forwarding was never able to obtain a return of service from the "Central Authority in Mexico," the apparent foreign serving entity. Nevertheless, on September 25, 2003, Haecker, through Florida counsel, filed in the circuit court a sworn motion to quash service of process, in which he averred under oath that the letters were not personally served on him, but rather served on "someone [else] at his place of employment in Mexico City." See Anthony v. Gary J. Rotella & Assocs., P.A., 906 So.2d 1205 (Fla. 4th DCA 2005)(attempted service upon a nonresident by serving coworker insufficient to satisfy Florida statutory requirements for personal service); Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977)(accord); Parish Mortgage Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA 1971)(holding that a defendant who has not been served, especially where failure of service appears on record, is not obligated to defend cause until service is made). Because Marcos has not secured the cooperation of the Mexican officials through the United States contract server, she has been unable to contradict Haecker's assertion.
In March 2004, after the trial court afforded Marcos two additional extensions of time within which to obtain a return of service from Mexico, Haecker renewed his motion to quash. In a lengthy order, the trial court afforded Marcos an additional nearly ninety days, until July 1, 2004, to effect proper service. Upon expiration of that deadline, Haecker again renewed his motion to dismiss, but this time additionally sought dismissal on the ground of forum non conveniens pursuant to Florida Rule of Civil Procedure 1.061.
The court held a hearing on Haecker's renewed motion and dismissed the action. Marcos admitted she still could not prove valid service to overcome Haecker's verified motion. However, Marcos argued that by joining the new forum non conveniens ground in his motion, Haecker waived his service of process defense by seeking affirmative relief. The court rejected this argument, stating, "Respondent has always contested jurisdiction and has never appeared before the court seeking *705 any affirmative relief." We agree and affirm the dismissal.

DISCUSSION
Marcos' argument is not insubstantial. We often have held that if a party takes it upon himself to seek true affirmative relief before moving to dismiss on the basis of lack of personal jurisdiction, the defense of lack of personal jurisdiction argument is waived. See, e.g., Golden State Indus., Inc. v. Cueto, 883 So.2d 817 (Fla. 3d DCA 2004). Likewise, failure to challenge personal jurisdiction at the earliest opportunity can be deemed a waiver. See Rojas v. Rojas, 723 So.2d 318 (Fla. 3d DCA 1998). Here, however, Haecker was faced with a "Hobson's choice."[1] Because Florida Rule of Civil Procedure 1.061 requires that a motion to dismiss on forum non conveniens grounds "be served not later than 60 days after service of process," Haecker was at risk if he did not timely file. Although not brought to our attention by either party, we recently held in Wedge Hotel Management, (Bahamas), Ltd. v. Meier, 868 So.2d 552 (Fla. 3d DCA 2004), that "a defendant should file [his] alternative motion to dismiss for forum non conveniens contemporaneously with the filing of a motion to quash service of process" or, at a minimum, not later than sixty days from the date of service contested in the motion to quash. Indeed, applying this rule, Haecker's alternative forum non conveniens motion may be untimely. However, unlike many situations where the defending party is not under such constraints, see e.g., De Ardila v. Chase Manhattan Mortgage Corp., 826 So.2d 419 (Fla. 3d DCA 2002)(insufficiency of service of process waived by mortgagor by her conduct in filing subsequent pleadings); MacDougall v. Kutina, 798 So.2d 30 (Fla. 4th DCA 2001)(holding that former husband waived any defects in service of process by appearing at first contempt proceeding), we find that the filing of a motion to dismiss for forum non conveniens while a motion to quash service of process is pending does not constitute a waiver of the latter.
Affirmed.
NOTES
[1] See Anderson v. Highlands Beach Develop. Corp., 447 So.2d 1045, 1046 (Fla. 4th DCA 1984)(defining Hobson's choice as "an apparent freedom of choice with no real alternative").