972 So.2d 1035 (2008)
AMERICAN EXPRESS INSURANCE SERVICES EUROPE LIMITED, Appellant,
v.
Johanna DUVALL, Helen Duvall, and Vincent Sansalone, Appellees.
No. 3D07-1194.
District Court of Appeal of Florida, Third District.
January 16, 2008.
*1037 Mase & Lara, Miami and Joel V. Lumer; Kahan Shir and Paul E. Heimberg, Boca Raton, for appellant.
Roy D. Wasson and Annabel C. Majewski, Miami; Brett Weinberg, Coral Gables, for appellees.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
RAMIREZ, J.
American Express Insurance Services Europe Limited ("AEISEL") appeals the denial of its motion to dismiss based upon waiver of jurisdiction and/or Florida's long arm statute. We reverse because we conclude that AEISEL is not subject to personal jurisdiction in Florida for claims that arose in Florida, based on an insurance policy issued in the United Kingdom, and AEISEL did not waive its objection to personal jurisdiction.

I. Factual Background

AEISEL acts as intermediary between insurance companies and retail customers for the sale and purchase of traveler's insurance policies. The decedent Johanna Duvall was one of those retail customers. She purchased a policy in the United Kingdom effective from May 27, 2004 to May 26, 2005. In the policy section titled "Policy Information," under the subheading "[t]he insurers," Viator agreed to "provide the insurance benefits and AXA Assistance (UK) Ltd. the services described in the Policy booklet during the period of insurance." The insurance policy, was "effected in England and governed by the laws of England and Wales." The insurance policy automatically renewed each year.
Duvall subsequently suffered a stroke in Florida and requested the benefits due under the policy. On her return commercial flight from Florida to Great Britain, Duvall suffered severe permanent injuries for which she sued numerous defendants, including counts for breach of contract and negligent entrustment against. AEISEL. The complaint alleged that AEISEL conducted business worldwide, and more specifically in Miami-Dade County, Florida.
The plaintiff served process on American Express Company. Attorney Debra M. Cohen filed a motion to dismiss American Express, explaining that the service had been effected on the wrong party. Meanwhile, plaintiff's counsel sent notices of depositions of two employees of defendant AXA Assistance USA: Hector Ojeda and Rodolfo Medina. AEISEL was served with process on May 15, 2006. The next day, the circuit court signed an agreed order dismissing American Express. The depositions took place on May 23, 2006, with various defendants attending via telephone. Attorney Cohen, who had represented American Express, attended in person, on behalf of AEISEL. On June 6, she filed a motion to dismiss attacking personal jurisdiction over AEISEL.

II. Jurisdiction
In support of its motion to dismiss, AEISEL filed the affidavit of its general manager, Graham P. Setterfield. Setterfield testified that AEISEL is a United Kingdom corporation with its principal offices located in London. It does not issue or underwrite insurance policies, and it functions as a regulated insurance intermediary *1038 or insurance agent of the insurer. Setterfield further testified that AEISEL is not registered in Florida as a foreign corporation or foreign insurer qualified to transact business in Florida; has not transacted business in Florida; has never had any directors, officers, employees, or agents in Florida; has not maintained any offices in Florida; does not own, lease, manage, or otherwise have any interest in real property in Florida; does not sell, consign or lease tangible or intangible personal property, directly or indirectly, in Florida; has never had any bank accounts in Florida; has not had any monies sent to it in Florida; has not received mail in Florida; does not market itself or its services directly or indirectly in Florida; and it has not received any pecuniary benefits from or in Florida.
In opposition to AEISEL's motion to dismiss, Duvall introduced the affidavit of attorney Brett A. Weinberg. Weinberg testified that AEISEL maintains a web page on the internet, showing that it is owned by American Express Company, the former defendant.
The standard of review is de novo whenever a case, such as this, arises from the trial court's decision on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252, 1256-57 (Fla.2002); Enic, PLC v. F.F.S. & Co., 870 So.2d 888, 889 (Fla. 5th DCA 2004).
We conclude that the trial court did not have personal jurisdiction over AEISEL. In determining whether long-arm jurisdiction is appropriate in a given case involves a two-step inquiry. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). If the requirements of the first prong are met, the next inquiry is whether sufficient "minimum contacts" are demonstrated. Id.
Duvall attempts to satisfy the first prong through section 48.193(1)(d), Florida Statutes (2006), which provides, in relevant part, as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . .
(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.
There is nothing in the record of this case to intimate that the insurance contract was entered into anywhere other than the United Kingdom. At the time that the contract of insurance was entered into, there was no person, property or risk located within the State of Florida.
Failing the first prong, we need not reach the second. But as to minimum contacts, Duvall's argument is even weaker. There are insufficient contacts here to permit the trial court to exercise personal jurisdiction over AEISEL under the well-established principles that govern personal jurisdiction over non-residents as enunciated in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The test is whether "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
The evidence establishes that AEISEL only acts as an agent for retail customers within the United Kingdom. Certainly some of these customers may turn up in Florida, but also in France, Germany and *1039 Spain. A company like AEISEL that services customers within the United Kingdom acting as an insurance agent for policies that specifically provide that they are subject to "the laws of England and Wales" cannot reasonably anticipate being haled into court anywhere in the world where its customers may travel.
Duvall relies upon Dollar Systems, Inc. v. Elvia, 863 So.2d 378 (Fla. 4th DCA 2003), where Elvia, a Swiss company with its main office in Germany, sold travel insurance through a German tour operator, C.A. Ferntouristik ("CAF"), which in turn marketed tour packages to German citizens traveling in the United States. CAF contracted with Dollar for Dollar to provide rental cars in Florida to the tourists. Id. at 379. Through CAF, Elvia provided excess liability insurance over the insurance provided by Dollar. Id.
After some of the tourists were involved in accidents in Florida while driving Dollar vehicles, Dollar sued Elvia seeking declaratory relief as to the priority of coverage. Id. Elvia argued that it was not subject to personal jurisdiction under section 48.193(1)(d) because, when it entered into this contract with CAF in Germany, there was no "risk located within this state at the time of contracting." Id. The court reasoned, however, that Elvia's contract with CAF was merely a contract to provide insurance in the future. Id. The contract to insure contemplated by the statute was the insurance coverage which did not become effective until the insured rented the car. Id. The premium charged was a specific amount per car per day. Id. When that coverage became effective, Elvia knew that the car was being rented in Florida. Id.
In contrast, there is no indication that AEISEL knew that. Duvall, a British national, was traveling to Florida or that its customers were regularly finding themselves within this state more than any other popular tourist destination. The choice-of-law provision in the policy can be viewed as indicating the intent of the parties to submit any future litigation to the courts of England or Wales.
Likewise, in Glovegold Shipping Ltd. v. Sveriges Angfartygs Assurans Forening, 791 So.2d 4 (Fla. 1st DCA 2000), a foreign insurer had insured a foreign vessel which the insurer knew would be sailing in Florida waters. Following an accident off the coast of Jacksonville, the insured brought suit against the insurer in Florida. Id. at 8. The First District Court concluded that the foreign insurer had contracted to insure a risk located in Florida under section 48.193(1)(d). Id. at 11. Our case differs in that there is no evidence that Duvall was located in Florida when she was issued the insurance policy.
Duvall relies upon AEISEL's maintenance of a web page on the internet wherein it holds itself to be and owned by American Express Company. This fact does not confer in personam jurisdiction to the courts in Florida. As the Fifth District stated in Westwind Limousine, Inc. v. Shorter, 932 So.2d 571, 574 n. 7 (Fla. 5th DCA 2006), "merely posting] a passive website" does not constitute the solicitation of business in this state, or the transaction of business in this state for purposes of a due process jurisdictional analysis.
Similarly, the fact that Florida courts have jurisdiction over American Express Company does not confer jurisdiction over its subsidiary, AEISEL. To support some alter-ego theory of liability, Duvall would have to allege that the corporations were formed or used for some illegal, fraudulent, or other unjust purpose. See McFadden Ford, Inc. v. Mancuso, 766 So.2d 241, 243 (Fla. 4th DCA 2000). "[O]wnership of a subsidiary corporation by an out-of-state parent corporation, without more, does not support a finding *1040 that long-arm jurisdiction exists." Extendicare, Inc. v. Estate of McGillen, 957 So.2d 58, 64 (Fla 5th DCA 2007). The corollary is also true: jurisdiction over a parent company does not, without more, confer jurisdiction over the subsidiary. "A parent corporation and its whollyowned subsidiary are separate and distinct legal entities." Am. Int'l Group, Inc. v. Cornerstone, Businesses, Inc., 872 So.2d 333, 336 (Fla. 2d DCA 2004); Molenda v. Hoechst Celanese Corp., 60 F.Supp.2d 1294, 1300 (S.D.Fla.1999) (stating that subsidiary corporations are generally independent entities, and that a corporate veil will be pierced only in certain circumstances).

III. Waiver
A more difficult issue is whether AEISEL waived its jurisdictional objection by participating in the depositions of Medina and Ojeda. During Medina's deposition, AEISEL objected several times, and it asked at least one question. During Ojeda's deposition, AEISEL requested a stipulation that one defense attorney's objections apply for all of the defendants. AEISEL objected approximately nineteen times, and its counsel was the only defense attorney who questioned Ojeda during cross-examination. Some of the questions involved the nature and quality of the transportation services AXA Assistance provided Duvall and Duvall's family.
At the motion to dismiss, AEISEL argued that its counsel only attended the depositions and questioned the witness as a defensive measure, in case the witness became unavailable for trial. AEISEL further argued that the questions were only for clarification purposes, did not relate to the merits of the case, related to fact questions already asked, and did not relate to the issue of jurisdiction. When questioned on the issue of waiver, counsel for AEISEL argued that she did not have to stipulate to a limited appearance or to object to jurisdiction prior to the depositions. AEISEL argued that, at the time the depositions took place, it did not know what defenses it was going to raise.
In her amended affidavit, AEISEL's defense attorney Debra M. Cohen testified that she was compelled to attend the depositions in light of statements by Duvall's counsel that he intended to use Ojeda's videotaped deposition at trial if Ojeda could not be produced for trial; Ojeda's statements that he intended to leave the United States; and the statement by counsel for AXA Assistance that his client could only agree to produce Ojeda for trial if he remained an AXA Assistance employee.
Cohen further testified before the trial court at the hearing on the motion to dismiss. She again reiterated that she decided to ask questions of Ojeda during cross-examination for clarification purposes; she did not ask for affirmative relief; and that she merely defended a factual deposition.
Although the better practice would have been for Cohen to announce its objection to jurisdiction at the start of the depositions, we conclude that under the facts of this case, AEISEL did not waive its objections to personal jurisdiction. We recently stated that a party that seeks "true affirmative relief before moving to dismiss on the basis of lack of personal jurisdiction," or who fails "to challenge personal jurisdiction at the earliest opportunity" can be deemed to have waived the issue. Marcos v. Haecker, 915 So.2d 703, 705 (Fla. 3d DCA 2005). We do not see how a party can challenge personal jurisdiction at a deposition. Thus, the only issue is whether AEISEL's attendance and limited participation at the two depositions can be deemed to have been seeking true affirmative relief. We do not believe that attending and participating to a limited extent at two depositions that were scheduled by Duvall before AEISEL was required to *1041 respond to Duvall's complaint constitutes affirmative relief.
There are various types of conduct that constitute a waiver of the defense of lack of personal jurisdiction, such as "seeking affirmative relief . . . [that] is inconsistent with an initial defense of lack of personal jurisdiction" or "filing of permissive counter-claims and cross-claims, or requests that a court take jurisdiction of a proceeding." See Alvarado v. Cisneros, 919 So.2d 585, 587-88 (Fla. 3d DCA 2006). In this case, AEISEL raised the issue at its first responsive pleading, a motion to dismiss for lack of personal jurisdiction. It did not file a counterclaim or crossclaim and did not request that the trial court take jurisdiction over the proceeding. Cohen testified that her actions at the depositions were purely defensive in nature. If a party does not seek affirmative relief and, instead, it defends a lawsuit, the party does not waive the defense of lack of personal jurisdiction. Id at 588. Our situation is analogous to the Motion for Enlargement of Time filed in Barrios v. Sunshine State Bank, 456 So.2d 590, 591 (Fla. 3d DCA 1984), where we held that the motion did not constitute a general appearance and hence a waiver of the defense of lack of personal jurisdiction.
Florida Rule of Civil Procedure 1.140(h)(1) specifically allows the defense of lack of jurisdiction over the person to be presented in a responsive pleading. Rule 1.140(h)(1) states: "(1) A party waives all defenses and objections that the party does not present either by motion, under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2)." It is undisputed that AEIEL disputed the court's jurisdiction in its first responsive pleading.

III. Conclusion

In sum, the trial court's finding that jurisdiction over AEISEL could be based upon section 48.193(1)(d) for an insured risk in this state is simply unsupported. Additionally, there are insufficient contacts between AEISEL and Florida to permit a court of this state to assume personal jurisdiction. To hold otherwise would be contrary to due process requirements. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.E d.2d 490 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Furthermore, the evidence does not show that AEISEL's appearance at the depositions constituted a waiver of the defense of lack, of personal jurisdiction. We therefore reverse the trial court's denial of AEISEL's motion to dismiss.
Reversed.