SCHWARTZ, Senior Judge.
This is an appeal from an order denying a motion to dismiss for lack of personal jurisdiction. We reverse.
The plaintiff is a composer and recording artist who attempted to assert Florida long-arm jurisdiction, § 48.193(l)(a), (l)(g), (2), Fla. Stat., over the appellant, a Venezuelan corporation, which operates an independent music company and record label. The action arises out of a series of contracts, executed in Venezuela, which provided that they were to be governed by Venezuelan law, and that any payments due to the plaintiff were to be made in Venezuela with Venezuelan currency, for the distribution of recordings made by the plaintiff in Venezuela. Although it is admitted that the defendant-appellant, Universal Music Venezuela, S.A., has no agents or employees and does no business itself in Florida, the plaintiff claims, and the trial judge apparently agreed, that personal jurisdiction may be asserted against it here because of the activities of an affiliated, but entirely separate corporation, Universal Music Latino, which, under a contract with the appellant, does distribute its products in this state. Because, however, there is no evidence that the appellant in any way controlled or directed the operations of Universal Music Latino, this claim may not be sustained. See Goodyear Dunlop Tires Operations, S.A. v. Brown, — U.S. -, -, 131 S.Ct. 2846, 2857, 180 L.Ed.2d 796 (2011) (holding *590 that foreign subsidiaries’ attenuated connections with North Carolina did not show “‘the continuous and systematic general business contacts’ necessary to empower North Carolina to entertain suit against them on [unrelated] claims”); J. McIntyre Mach., Ltd. v. Nicastro, — U.S. -, -, 131 S.Ct. 2780, 2791, 180 L.Ed.2d 765 (2011) (holding that foreign corporation did not “engage in any activities in New Jersey that reveal an intent to invoke or benefit from the protection of its laws [and therefore] its exercise of jurisdiction would violate due process”); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (holding that foreign corporate defendant’s purchases and attendant activity in state were insufficient to confer Texas with general jurisdiction); Schwartzberg v. Knobloch, 98 So.3d 173, 182 (Fla. 2d DCA 2012) (holding that evidence of out-of-state defendants’ “indirect ownership interests in the nursing home’s operating and management companies” insufficient to establish personal jurisdiction in Florida); Am. Express Ins. Servs. Eur. Ltd. v. Duvall, 972 So.2d 1035 (Fla. 3d DCA 2008) (holding that that foreign corporation that acted as agent for retail customers within the United Kingdom had insufficient contacts with Florida to permit the trial court to exercise personal jurisdiction over the corporation); Blankenship v. Interim Servs., Inc., 700 So.2d 429 (Fla. 3d DCA 1997) (holding that out-of-state defendants, who furnished intangibles and services in West Virginia and Ohio, and entered into agreement in which a Florida corporation served as financier and supervisor of enterprises’ business aspects, did not submit themselves to Florida jurisdiction); Vaughn v. AAA Emp’t, Inc., 511 So.2d 1045, 1046 (Fla. 2d DCA 1987) (holding that “no acts by the [out-of-state defendant] ... would place her within the Florida long-arm statute” in entering into a contract with a Florida resident “for an office to be run in Mississippi”). In sum, there was no showing of any, let alone the minimum contacts between Florida and the appellant, see Int’l Shoe Co. v. Wash., 326 U.S. 310, 66 S.Ct, 154, 90 L.Ed. 95 (1945), or, putting it the other way, that it purposefully availed itself of the benefits and protections of Florida law so as to satisfy the requirements of due process. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Therefore, the order is reversed for dismissal for lack of personal jurisdiction.
Reversed and remanded.