# Third District Court of Appeal

## State of Florida

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1952
Lower Tribunal No. 17-4616
_____

## Villamorey, S.A.,

Appellant,

vs.

## BDT Investments, Inc.,

Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Sequor Law, P.A., and Edward H. Davis, Jr. and Annette C. Escobar, for appellant.

Carey Rodriguez Milian Gonya, LLP, and Amy M. Bowers-Zamora and David M. Levine, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Villamorey, S.A., a Panamanian company claiming an interest in property subject to the garnishment proceedings below, appeals the trial court's non-final

order denying Villamorey's motion for protective order.[1]  We affirm the order on appeal because Villamorey was properly made a party to the garnishment proceedings.

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

Appellee, BDT Investments, Inc. ("BDT"), obtained a Panamanian judgment against Lisa, S.A. ("Lisa"), and subsequently filed an action in the circuit court below to domesticate the foreign judgment.  Upon learning that the Miami branch of Banco Santander International ("Bank") may be holding, in a Villamorey account at Bank, over $13 million in funds allegedly owed to Lisa by Villamorey, BDT served Bank with a writ of garnishment.

Bank responded by answering the writ and moving to dismiss the writ.  In its answer, Bank generally denied the writ's allegations, and identified Villamorey as the account holder.[2]  Pursuant to section 77.06(3) of the Florida Statutes (2017),[3]

---

[1] We have appellate jurisdiction because the discovery order determines that the trial court has personal jurisdiction over Villamorey. See Fla. R. Civ. P. 9.130(a)(3)(C)(i); Hitt v. Homes & Land Brokers, Inc., 993 So. 2d 1162, 1165 (Fla. 2d DCA 2008) ("[A] nonfinal order that determines jurisdiction over the person is appealable.").

[2] Bank also asserted that the funds in Villamorey's account had been pledged to Bank to secure a loan Bank had made to Villamorey.

[3] This provision states, in relevant part, as follows:

> In any case where a garnishee in good faith is in doubt as to whether any indebtedness or property is required by law to be included in the garnishee's answer or retained by it, the garnishee may include and

2

however, Bank's answer specifically alleged that Bank was in doubt as to whether the Villamorey account was subject to BDT's garnishment writ; thus, Bank froze the Villamorey account.[4]

BDT replied to Bank's answer to the writ of garnishment, attaching an independent report prepared for Villamorey that audited Villamorey's financial statements. BDT contended that the audit report evidenced a dividend in excess of $13 million declared by Villamorey and payable to Lisa, Villamorey's minority shareholder. BDT claimed that these dividend funds, held in the Villamorey account at Bank, actually belonged to Lisa, and therefore were subject to BDT's garnishment. Pursuant to section 77.055 of the Florida Statutes (2017),[5] BDT

---

> retain the same, . . . subject to disposition as provided in this chapter. . . .

§ 77.06(3), Fla. Stat. (2017).

[4] Bank's motion to dismiss the writ was premised primarily on BDT's alleged failure to follow the procedural requisites of Chapter 77, Florida's Garnishment Act.

[5] This provision reads, in relevant part, as follows:

> Within 5 days after service of the garnishee's answer on the plaintiff . . . , the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. . . .

§ 77.055, Fla. Stat. (2017).

3

provided a copy of Bank's answer to Villamorey and notified Villamorey that, in order to dissolve the writ of garnishment directed towards its account at Bank, Villamorey must file a motion to dissolve the writ within twenty days.

Upon receipt of BDT's notice, Villamorey filed a motion to dissolve BDT's writ pursuant to section 77.07(2) of the Florida Statutes (2017).[6] In this motion, Villamorey claimed, *inter alia*, that: (i) Villamorey does not owe any debt to BDT; (ii) the legal presumption is that a bank account is owned by the entity named on the account (i.e., Villamorey); (iii) BDT failed to overcome this legal presumption because the audit report upon which BDT relied did not establish any ownership interest of Lisa in the Villamorey account at Bank; and (iv) BDT's foreign judgment against Lisa was a sham because, among other things, BDT and Lisa were related entities, owned by the same parent company, and represented by the same counsel.

---

[6] The sections reads, in relevant part, as follows:

> The defendant and any other person having an ownership interest in the property, as disclosed by the garnishee's answer, shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue. On such motion this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved. . . .

§ 77.07(2), Fla. Stat. (2017).

BDT propounded discovery on Villamorey with respect to the writ of garnishment. Specifically, BDT served Villamorey with a request for admissions, a request for production of documents, and also sought to depose Villamorey's corporate representative. Villamorey then filed the instant motion ("Villamorey's Motion") seeking to quash BDT's discovery or, in the alternative, for a protective order. Villamorey's Motion raises several general grounds as to why it is not subject to discovery, but, of consequence to this opinion, is Villamorey's argument that because the trial court lacks personal jurisdiction over it, it is not a party to the garnishment proceedings and, therefore, it cannot be compelled to respond to BDT's discovery.

On August 3, 2017, the trial court held a hearing on Villamorey's Motion and, noting that Villamorey intended to participate fully in court-ordered mediation and at trial, entered a discovery order rejecting Villamorey's argument that it was not a party to this action:

> During the hearing on Villamorey's Motion, counsel for Villamorey took the position that it had the right to and intended to fully participate at trial. Villamorey's counsel additionally contended that Villamorey has an "absolute right" to present a motion for summary judgment pursuant to Florida Rule of Civil Procedure 1.510, which provides for the filing of a motion for summary judgment by a party. I do not disagree with Villamorey that it has the right to fully participate in this post[-]judgment action through and including trial. This is based on my finding that it is a party, as discussed below. In the meantime, Villamorey will be involved in alternative dispute resolution mechanisms, having agreed to participate in mediation and having agreed on the selection of a mediator.

5

Villamorey's argument that it is not a party to this action fails the "Duck Test." This well-known abductive reasoning test posits: "If it looks like a duck, and quacks like a duck, then it is a duck." Here, Villamorey looks like a party, has quacked like a party, and is swimming like a party in the post-judgment litigation pond. To this Court, therefore, Villamorey is a party to these post-judgment proceedings.[7]

(Citations omitted). Villamorey timely appealed the trial court's discovery order, which we stayed during the pendency of this appeal.

## II. ANALYSIS[8]

Villamorey asserts that, because it has not filed an affidavit attesting to its ownership of the Villamorey account at Bank pursuant to section 77.16(1) of the Florida Statutes (2017),[9] it is merely in a defensive posture in the garnishment

---

[7] The trial court's order was without prejudice to Villamorey making specific objections to any of BDT's discovery requests. Thereafter, reserving its objection that it was not subject to the personal jurisdiction of the court, Villamorey responded to both BDT's request for admissions and BDT's request for production of documents. Villamorey fully responded to BDT's request for admissions; therefore, the request for admissions is not the subject of this appeal. As to BDT's request for production, Villamorey responded that certain documents were already in BDT's possession or did not exist at all. Villamorey objected to the remainder of the requests on various grounds, including that "to the extent such documents exist in the possession of Villamorey they are not located in this jurisdiction."

[8] We review, *de novo*, that portion of the trial court's discovery order determining that it had personal jurisdiction over Villamorey. See Am. Exp. Ins. Servs. Europe Ltd. v. Duvall, 972 So. 2d 1035, 1038 (Fla. 3d DCA 2008) ("The standard of review is de novo whenever a case, such as this, arises from the trial court's decision on a motion to dismiss for lack of personal jurisdiction.").

[9] This statute reads, in relevant part, as follows:

6

action, is not a true party to the garnishment action, and is, therefore, not subject to BDT's discovery.  We disagree.

Villamorey's assertion that only persons who have filed an affidavit under section 77.16(1) are actual parties to a garnishment proceeding misreads the relevant statutory construct of Chapter 77.  Because Villamorey was identified in Bank's answer as having an ownership interest in the Villamorey account at Bank, Villamorey was not required to file an affidavit before exercising its section 77.07(2) right to move to dissolve the writ.  See Navon, Kopelman & O'Donnell, P.A. v. Synnex Informacion Techs. Inc., 720 So. 2d 1167, 1168 (Fla. 4th DCA 1998) ("The statutory right to move to dissolve the writ is granted only to the defendant and any other person having an ownership interest in the property, *as disclosed by the garnishee's answer*. § 77.07(2).  The statutes contemplate that other persons who claim an ownership interest . . . in property in . . . possession of the garnishee, may assert such claim by filing an affidavit under the provisions of section 77.16.").

---

If any person other than defendant claims that . . . the property in the . . . possession of any garnishee is that person's property and shall make an affidavit to the effect, the court shall impanel a jury to determine the right of property between the claimant and plaintiff unless a jury is waived.

§ 77.16(1), Fla. Stat. (2017).

7

Moreover, irrespective of which statutory procedure is invoked – section 77.07(2) or 77.16(1) – the result is the same: the person, by affirmatively seeking to dissolve the writ, has assented to the court's jurisdiction over it and is a party to the garnishment proceedings. See Babcock v. Whatmore, 707 So. 2d 702, 705 (Fla. 1998) (concluding that a challenge to personal jurisdiction is waived by seeking affirmative relief); Boeykens v. Slocum, 356 So. 2d 1341, 1342 (Fla. 3d DCA 1978) (affirming the denial of defendants' motion contesting the validity of a writ of garnishment where defendants, based on the alleged lack of personal jurisdiction over them, made a special appearance in the proceeding to file the motion; but finding that "[i]f . . . the defendants . . . elect to submit to the jurisdiction of the court and thereupon challenge the validity of the garnishment order . . . they should be entitled to do so").[10]

### III. CONCLUSION

Villamorey is entitled to a trial on the issue of whether the money in the Villamorey account at Bank is subject to garnishment (i.e., whether the funds actually belong to Lisa);[11] and, Villamorey can propound discovery and be

---

[10] We find it of no matter that Villamorey purported to preserve its jurisdictional claim in its motion to dissolve the writ of garnishment. Given that Villamorey has already agreed to participate in mediation and stated its intention to participate at trial, there can be no question that Villamorey has elected to submit itself to the jurisdiction of the trial court. Therefore, this matter may proceed further on this dissolution issue. Boeykens, 356 So. 2d at 1342.

[11] We express no opinion on whether the Villamorey account is subject to

compelled by the trial court to respond to BDT's discovery.[12]  We therefore affirm the trial court's discovery order on appeal, and remand for further proceedings.

Affirmed.

_____

garnishment by BDT.

[12] Such requirement is, of course, subject to any specific discovery objections by Villamorey.